JDN

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Moore, | No. CV 22-01938-PHX-JAT (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Valerie Moore, through counsel, initiated this action in Maricopa County Superior Court, and Defendants removed the action to federal court. (Doc. 1, No. CV2022-009779.) Plaintiff asserted claims under 42 U.S.C. § 1983 and state law against the State of Arizona, Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) Officer Carlos Vargas, and ADCRR Director David Shinn. (Doc. 1-4 ¶¶ 5–7.)[1] Before the Court is Defendant Vargas' Motion for Partial Summary Judgment on Count One. (Doc. 48.)[2] The Court will deny the Motion as moot.

**I.    Background**

Plaintiff's claims arose during her prior confinement at the Arizona State Prison

---

[1] Defendant Shinn was named in both his individual and official capacity. (Doc. 1-4 ¶ 6.) Defendant Shinn has retired as ADCRR Director; therefore, the Court will automatically substitute his successor, Ryan Thornell, as a Defendant in his official capacity. *See* Fed. R. Civ. P. 25(a). Shinn will remain in this action as a Defendant in individual capacity.

[2] Also before the Court is Defendant Vargas' Motion to Quash Subpoena of Jossie Perez, which is not yet briefed and will be addressed in a separate order. (Doc. 84.)

1

Complex-Perryville. (Doc. 1-4 ¶ 1.) Plaintiff alleged that on or about August 1, 2021, Defendant Vargas took Plaintiff out of her assigned cell on the pretense of talking to her, took her to an empty cell, and sexually assaulted her. (*Id.* ¶ 30.) Plaintiff alleged that Defendant Vargas told her not to say anything about the assault, and Plaintiff initially complied; however, after a few weeks, Plaintiff reported the assault to ADCRR. (*Id.* ¶¶ 36-38.) The Criminal Investigation Unit (CIU) initiated an investigation. (*Id.* ¶ 38.) Despite Plaintiff's report and her cellmate's corroboration of the events of August 1, 2021, CIU determined there was not enough evidence to charge Defendant Vargas with a crime. (*Id.* ¶ 41.) The security cameras that would have supported Plaintiff's report were either inoperable or the footage was destroyed. (*Id.* ¶ 42.) Thereafter, no further investigation was conducted to determine if there were any other victims. (*Id.* ¶ 43.) And, although Plaintiff was assured that Defendant Vargas would not be assigned to her housing unit, Defendant Vargas continued to have access to Plaintiff's cell. (*Id.* ¶¶ 44–45.)

Plaintiff asserted that she was a medium security prisoner who complied with all requirements for early release. (*Id.* ¶ 46.) Prior to Plaintiff's report of the assault, she was told her release date was October 20, 2021. (*Id.* ¶ 47.) After Plaintiff reported the assault, she was informed that her release date was changed to April 5, 2022. (*Id.* ¶ 48.) Plaintiff was told that her release date was at the sole discretion of ADCRR Director Shinn. (*Id.* ¶ 49.)

Plaintiff alleged that ADCRR has historically failed to protect prisoners from prohibited and unwanted sexual contact and sexual exploitation by encouraging a "no-snitch" environment, by maintaining negligent and deficient video surveillance and retention policies, by allowing officers to take prisoners out of their cells for no legitimate reason and with tacit approval by supervisors, by discouraging prisoners from reporting sexual harassment and exploitation through negative consequences, by maintaining areas within the prison known to be unsecure and not under surveillance, and by maintaining a "code of silence" among officers to discourage "snitching" on fellow officers. (*Id.* ¶¶ 15–16, 18–23.)

In Count One of her Complaint, Plaintiff asserted state law claims of sexual harassment, sexual exploitation, and intentional infliction of emotional distress against the State of Arizona. (*Id.* ¶¶ 54–62.) In Count Two, Plaintiff asserted state law claims of retaliation and wrongful detention against the State of Arizona. (*Id.* ¶¶ 63-66.) And in Count Three, Plaintiff asserted claims under 42 U.S.C. § 1983 for violations of the First, Eighth, and Fourteenth Amendments against Defendants Shinn and Vargas. (*Id.* ¶¶ 67–74.) Plaintiff sought damages, attorneys' fees, and costs. (*Id.* at 10.)

## II. Defendant Vargas' Motion for Partial Summary Judgment on Count One

Defendant Vargas moves for summary judgment on the ground that Plaintiff failed to serve a notice of claim on Defendant Vargas as required under state law. (Doc. 48 at 3–4.) Defendant Vargas states that Arizona Revised Statutes § 12-821.01 requires a plaintiff making a claim against a public employee to serve that employee with a notice within 180 days after the cause of action accrues. (*Id.*). Defendant states that Plaintiff's claim accrued on or about August 1, 2021; however, Plaintiff failed to serve a notice of claim on Defendant Vargas within 180 days of that date or any time thereafter. (*Id.* at 4.) Defendant Vargas argues that, because Plaintiff failed to file a notice of claim, and the time to do so has passed, no claim may be maintained against Defendant Vargas. (*Id.* at 3–4.)

In her Response, Plaintiff acknowledges that she did not serve a notice of claim against Defendant Vargas. (Doc. 53 at 3.) But Plaintiff asserts that she did not allege a direct liability claim against Defendant Vargas in Count One. (*Id.* at 2–3.) Plaintiff explains that the claim in Count One is a claim against the State of Arizona. (*Id.*) Plaintiff notes that, under Arizona Revised Statutes § 31-201.01(F), "[a]ny and all causes of action that may arise out of tort caused by the director, prisoner officers or employees of the department, within the scope of their legal duty, shall run only against the state." (*Id.* at 2.) Plaintiff alleges that Defendant Vargas was acting within the scope of his legal duty when he removed Plaintiff from her cell, moved her to another cell, and assaulted her. (*Id.*) Plaintiff states that, under § 31-201.01(F), the liability asserted in Count One is only vicarious liability as to the State of Arizona; therefore, there is nothing in Count One on

- 3 -

which summary judgement could be granted in Defendant Vargas' favor. (*Id.*)

Plaintiff also states that she served a valid and timely notice of claim on the State of Arizona and argues that, under *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 528 P. 139 (2023), she was not required to serve Defendant Vargas with a notice of claim to pursue her vicarious liability claim against the State. (Doc. 53 at 3.)

In their Reply, Defendants assert the parties do not dispute that Defendant Vargas cannot be liable under Count One, but they argue that, because there are allegations within Count One that name Defendant Vargas, there is a potential for ambiguity as to whether he is a Defendant in that Count, which necessitates a summary judgment ruling for clarity. (Doc. 56.)

**III.    Discussion**

Federal Rule of Civil Procedure 56 provides that "a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The Court cannot enter judgment on a claim that is not asserted in any of the pleadings." *Wildfire Grp., LLC v. Prime Ins. Co.*, No. 2:12-CV-847-MHT-PWG, 2015 WL 10015378, at *6 (M.D. Ala. Sept. 22, 2015); *Commodity Futures Trading Comm'n v. R.J. Fitzgerald & Co.*, No. 8:99-CV-1558-T-MSS, 2006 WL 1119174, at *1 (M.D. Fla. Apr. 26, 2006) ("because there are no claims for restitution or disgorgement pending before the Court, summary judgement on such claims is unavailable, inappropriate and should be denied as moot").

In her Complaint, Plaintiff alleged that, "[f]or purposes of all state law claims asserted in this matter, Defendant State of Arizona is liable for the acts and admissions of its employees within the scope of their employment, including officers and other employees of ADC under the doctrine of respondeat superior." (Doc. 1-4 ¶ 7.) In Count One, Plaintiff asserted state law claims of sexual exploitation, sexual harassment, and intentional infliction of emotional distress. (*Id.* ¶¶ 54–62.) Plaintiff alleged that Defendant Vargas used sexual exploitation and/or sexual harassment as a means of inmate control, Plaintiff worked in the kitchen under Defendant Vargas' supervision, Defendant Vargas

- 4 -

arranged for Plaintiff to work in the dining room where he made sexually suggestive comments and inappropriately touched her, Defendant Vargas sexually touched and assaulted Plaintiff without her consent and intentionally inflicted emotional distress, and Defendant Vargas coerced Plaintiff into performing a sex act and physically overpowered her to accomplish penetration. (*Id.* ¶¶ 55–59.) Plaintiff further specifically alleged that "Defendant State of Arizona is vicariously liable for the state law torts as alleged in this Count." (*Id.* ¶ 60.)

These allegations sufficiently state a claim against the State for vicarious liability for the allegedly tortious acts of Defendant Vargas. *See Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 5 P.3d 249, 254 (Ariz. Ct. App. 2000) ("[a]n employer is vicariously liable for the negligent or tortious acts of its employee acting within the scope and course of employment"). Identifying Defendant Vargas and his conduct within the allegations was necessary to establish the claim for vicarious liability against the State. As Plaintiff points out, however, there is no claim asserted against Defendant Vargas in this Count because any cause of action arising out of a tort committed by an ADCRR employee may run only against the State. Ariz. Rev. Stat. § 31-201.01(F). Thus, there is no claim against Defendant Vargas in Count One on which to grant summary judgment. To the extent that there is any confusion as to whether Defendant Vargas is an individual Defendant in Count One, this Order clarifies that he is not.

Further, Defendants do not respond to Plaintiff's well-taken argument that, under *Laurence*, a plaintiff is not required to serve a notice of claim on the employee to maintain a vicarious liability claim against the employer. (*See* Doc. 53 at 3; Doc. 56 at 2.) Because Defendant Vargas is not a Defendant in Count one, the failure to serve him with a notice of claim does not affect Plaintiff's vicarious liability claim against the State. (*See* Doc. 53 at 3.)

For the above reasons, Defendants' Motion for Partial Summary Judgment will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Vargas' Motion for Partial Summary Judgment on Count One (Doc. 48), and the Motion is **denied as moot**.

(2) Pursuant to Federal Rule of Civil Procedure 25(a), Ryan Thornell is substituted for David Shinn **in his official capacity only**. Shinn remains a Defendant in his individual capacity. The Clerk of Court must update the docket accordingly.

Dated this 23rd day of May, 2024.

James A. Teilborg
Senior United States District Judge